UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

LEONARD JOSEPH CASS,  )
 )
    Petitioner, ) Civil Action No. 14-CV-145-HRW
 )
v. )
 ) **MEMORANDUM OPINION**
MICHAEL SEPANEK, *Warden*, ) **AND ORDER**
 )
    Respondent. )

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Leonard Joseph Cass is an inmate confined in the Federal Correctional Institution at Ashland, Kentucky. Proceeding *pro se*, Cass has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, seeking the expungement of a disciplinary conviction and the addition of 27 days of good conduct time credit to his prison sentence. [R. 1] Cass has paid the requisite $5.00 filing fee. [R. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Cass's petition under

a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Cass's conviction is supported by some evidence, the Court concludes that he is not entitled to the relief he seeks and will dismiss his § 2241 petition. The rationale for this decision is set out below.

## BACKGROUND

**A.   Disciplinary Charge, Conviction, and Administrative Appeals**

On August 9, 2013, while Correctional Officer J. Travis Bishop was conducting the morning accountability census at FCI-Ashland, he had an encounter with Cass, resulting in Cass being charged with Assaulting Any Person (minor assault), a Code 224 violation, and with Insolence Towards A Staff Member, a Code 312 violation. The incident report charging that violation states, as follows:

> Date: On 8-09-2013 at 8:30 A.M., While conducting the 8:00 AM Accountability Census, Inmate Cass, L. #28614-057 mentioned a minor leak from the overhead ductwork in A-Wing. Inmate Cass and I were looking up at the ductwork, standing side by side. Inmate Cass said, "We need to get that fixed, don't we", then tapped my left forearm with the back of his right hand. I patted inmate Cass down for weapons, and escorted inmate Cass to my office. As Psychology Technician Marco Refitt [sic] entered the unit, Inmate Cass asked if staff member Reffit could be present. Staff member Reffit and I

2

agreed. I began to ask inmate why he tapped me with his right hand. Inmate Cass raised his voice in response to the question. I asked Inmate Cass to lower his voice. Inmate Cass raised and waved his hands in fast motions as he again raised his voice to an even louder level. I told inmate Cass to put his hands down and lower his voice again. Inmate Cass again raised his voice and refused to lower his hands to his side. Inmate Cass was escorted to Special Housing Unit.

[R. 1-1, p. 1].

Cass received a copy of the Incident Report on August 9, 2013, and this matter was referred to a Disciplinary Hearing Officer ("DHO") for hearing, which was conducted on August 13, 2013. Cass appeared at the DHO hearing, stated that he understood his rights and waived his right to a staff representative and to call any witnesses at the hearing. Cass had no documentary evidence to present at the hearing. The DHO read the charges to Cass, questioned him about it, and he denied the charges. The DHO summarized what transpired and the colloquy that occurred between them at the hearing, as follows:

> The DHO first confirmed that he had received a copy of the incident report, understood his rights, did not want to call any witnesses, was not requesting the assistance of a staff representative, and had no documentary evidence to present. The DHO then read aloud Section 11 of the Incident Report and summarized the attached supporting documentation and asked inmate Cass if it were true. He said that he did brush his forearm against Officer Bishop's, but said it was unintentional. He said they were discussing a leak in the ceiling and while doing so, he leaned forward and lifted his right forearm which came into contact with Bishop's left forearm. He said at that time Bishop leaped back and started yelling at him and "threatened to throw me on the floor". He said this is the second incident like this that he has had with Officer Bishop. He said that he did become upset

and that his adrenaline was flowing. He said that he felt Mr. Bishop was out of control and was constantly telling him to "shut up". He said Officer Bishop is mistaken in his report of him tapping Bishop with his hand and said that he thought it would be impossible for Bishop to know this as they were both looking up at the ceiling at that time.

[R. 1-2, p. 1]

After considering the eyewitness account of Officer J. Bishop, the memorandum from M. Reffit, Psychology Technician, and Cass's statements and responses to the DHO's questions at the hearing, the DHO found that Cass had committed the prohibited act of assault, a Code 224 violation, and the DHO dismissed the insolence charge, the Code 312 violation, for the reasons stated, in part, below:

> In deciding this issue, I considered your version of the incident, but was not swayed or convinced of your innocence. You provided no credible evidence to support your claim that you simply brushed your forearm against the staff member's while showing them a leak in the ceiling other than to simply say it is and suggest that Officer Bishop is mistaken in his report of you tapping him on the arm with the back of your hand and claim that it would be impossible for him to know this while looking at the ceiling. As we discussed at the hearing, unlike you, I do not believe it would be impossible for a staff member to have a level of awareness in a correctional setting to detect when an inmate had tapped them with the back of their hand, even while looking at a ceiling. I believe a person could easily use their peripheral vision and sense of touch to determine such a fact. Clearly there is a distinct difference with the sensation of being brushed against and tapped. You have not proved, not do I find, any credible evidence that impugns the accuracy of Officer Bishop's report of the incident and oyur [sic] behavior and I have given it the greater weight over oyur [sic] unsupported denial. It's clear to me that while Officer

4

> Bishop performed his duties and conducted the AM census, you made unconsented physical contact with him by tapping him on the arm with the back of your hand while directing his attention to a leak in the ceiling. This is certainly behavior that meets the standards of minor assault. Accordingly, I find a sufficient measure of evidence present to support the charge of Assault, a violation of prohibited act Code 224 of the inmate disciplinary policy and have elected to di[s]m[is]s the lesser charge of Insolence, code 312.

[R. 1-2, p. 3]

DHO C. Metzger imposed the following sanctions: 10 days of Disciplinary Segregation, suspended pending 90 days of clear conduct; disallowance of 27 days Good Conduct Time. [R. 1-2, p. 3]

Cass appealed the DHO's decision to the BOP's Mid-Atlantic Regional Office ("MARO"), claiming that the facts contained in the Incident Report and the evidence relied upon by the DHO do not satisfy the standards for minor assault, regardless of how that term is defined, under either the common use of that term, the legal use of the term, or how the term is used in the BOP's disciplinary regulations. Essentially Cass contends that (1) he did not commit the prohibited act of assault, (2) the DHO's decision was based on insufficient evidence, and (3) he was incorrectly charged with "assault." Cass requested that the Incident Report be expunged and the DHO's sanctions be vacated. [R. 1-3, pp. 1-2] The MARO denied his appeal, finding no merit to his claims. The MARO pointed out that the DHO's decision was based on some facts, that it was based on the greater weight

5

of the evidence, and that the DHO explained the basis for his decision. The MARO also noted that the sanctions imposed were appropriate for the offense and that the required disciplinary procedures were substantially followed. [R. 1-3, p. 3]

Cass appealed the MARO decision to the BOP's Central Office in Washington, D.C., essentially reiterating the same argument he made in his Regional Office appeal. In that appeal, Cass did not dispute that his arm made physical contact with Officer Bishop's arm, but he argues that such brief, unintentional contact cannot is not properly classified as "assault." Cass emphasized that "neither the DHO nor the BOP's Regional Director addressed whether being tapped on the forearm amounts to an "assault" that is prohibited by BOP Offense Code 224." [R. 1-4, p. 1] The BOP's Central Office received Cass's appeal on December 24, 2013; its response thereto was due on February 2, 2014 [R. 1-5], but was extended to February 22, 2014 [R. 1-6].

In his petition, Cass states that he had never received a response to his appeal from the BOP's Central Office. Assuming the truthfulness of that statement, Cass has fully exhausted his administrative remedies. *See* 28 C.F.R. § 542. 18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

**B. Claims Asserted in § 2241 Petition**

Cass reiterates most of the challenges to his disciplinary conviction which he asserted in the appeal process. He further states:

> 19. The only factual finding – unconsented physical contact by Cass with Bishop – is not at issue. Simple physical contact without any intent to injure or harm can never violate Offense Code 224's prohibition as it is defined by the explicit language the BOP uses in its regulation. The DHO's application of the regulation in this case stretches the language so broadly that it renders the meaning of "assault" too vague and uncertain for any reasonable person to determine what the regulation prohibits.

[R. 1, p. 6]

Cass contends that since his brief, unintentional touching of Officer Bishop's left forearm is simply insufficient to warrant an assault charge and that the disciplinary conviction should be expunged and the sanctions removed.

## DISCUSSION

Prisoners sanctioned with the loss of Good Time Credit ("GTC") are entitled to some due process protection. *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution"). The due process to which a prisoner is entitled includes: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary

7

evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. *Id.*

To reiterate, Cass claims that his brief, unintentional, unconsented physical contact with Officer Bishop was simply insufficient even to warrant being charged with "assault" much less being found guilty of that offense. Cass takes issue with the BOP's definition of assault in its regulations. Cass makes a good argument, but his argument ignores the fact that pursuant to *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision. *Id.* at 454-55. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

In this case, there was "some" evidence to support Cass's disciplinary conviction. That evidence consisted of the August 9, 2013, Incident Report, in which Correctional Officer J. Bishop concluded that under the circumstances, Cass had committed a Code 224 violation and a Code 312 violation. Although the Incident Report is not complete evidence of guilt, and although Cass disputes the charge contained in the Incident Report, DHO Metzger was free to assign greater weight to the Incident Report than to Cass's interpretation of the events surrounding this incident. DHO Metzger did just that, and in doing so, he did not violate Cass's right to due process of law.

Cass contends that Officer Bishop misrepresented and mischaracterized their encounter where they were discussing the leak in the ceiling and looking up at the ceiling during their conversation. Cass may be correct that Officer Bishop simply misinterpreted this touching incident; nevertheless, Officer Bishop's perception of the events surrounding this incident carried more weight with the DHO than Cass's version of the events.

A district court has no authority under the guise of due process either to review the resolution of factual disputes in a disciplinary decision, to weigh the credibility of the witnesses, to second-guess the DHO or to substitute its judgment for that of the DHO. So long as there is "some evidence" to support the DHO's finding, the Court is obligated to uphold the DHO's decision. The role of the district court is to ensure that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent*, 472 U.S. at 457. Even meager proof is sufficient under the "some evidence" standard. *Webb*, 224 F.3d at 652. "[T]he full panoply of rights due a defendant [in a criminal prosecution] does not apply" with regard to inmate disciplinary hearings. [*Id.*]

Thus, the Incident Report, which included Officer Bishop's interpretation of his encounter with Cass on August 9, 2013, constituted "some" evidence upon which DHO Metzger could reasonably rely in finding Cass guilty of the charged offense. Regardless of whether a different violation might have been the more

appropriate offense, Cass did receive due process and received all the process to which he was due, as there was "some evidence" to support the decision to find him guilty of the Code 224 violation, and the sanctions imposed are commensurate with that offense. *See Cosgrove v. Rios*, No. 7:08–CV–109–KKC, 2008 WL 4706638, at *4 (E.D. Ky. Oct. 21, 2008) (finding that DHO's review of reports and memoranda constituted "some evidence" and was enough to support the finding of guilt, imposition of sanctions, and revocation of the inmate's GTC).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Leonard Cass's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is DENIED.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 17th day of April, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge